IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

VINCENT WILSON,

  Plaintiff,

v.                Civil Action No. **3:22CV555**

DEPUTY ASTACIO, *et al.,*

  Defendants.

## MEMORANDUM OPINION

The plaintiff, a Virginia inmate, is a prolific litigator with multiple cases currently pending before the Court. By Memorandum Order entered on October 4, 2022, the Court directed the plaintiff to pay an initial partial filing fee of $40.62 or state under penalty of perjury that he did not have sufficient assets to pay such a fee within thirty (30) days of the date of entry thereof. *See* 28 U.S.C. § 1915(b)(1). In a declaration executed on October 10, 2022, the plaintiff swore that he could not pay the initial partial filing fee of $40.62. (ECF No. 8.) However, the Court's records reflect that this is simply not true. The plaintiff's inmate trust account information in *Wilson v. Burgess*, 3:22CV662 (E.D. Va. Filed Oct. 10, 2022) (ECF Nos. 4, 4–1), reflects that the plaintiff had $115.11 in his inmate account as of October 10, 2022. Accordingly, by Memorandum Order entered on November 16, 2022, the Court directed the plaintiff, within fifteen (15) days of the date of entry thereof, to show cause why this action should not be dismissed for his misrepresentation to this Court about his financial status.

On November 23, 2022, the plaintiff responded and stated:

> The Court has misunderstood my trust account information in the above case number and should not dismiss my case. I haven't misled the courts in any possible way about my financial status. My records of my inmate account show as of October 3, 2022, I had $0.06 account and I have commissary receipts to show. However, when I had approximately $300.00 in my account I think, and I wanted

to pay my legal fees for case number 3:22CV385, the jail account prolong [sic] to be funny after my fees was waived so I wouldn't pay for it and get them to Court sooner. Don't worry, I will always tell the truth and keep in mind, due to medical issues that's serious. I need food.

(ECF No. 11, at 1 (spelling and capitalization corrected).) The plaintiff's response does not address whether he had at least $40.62 in his inmate account as of October 10, 2022, the issue put to him by the Court in the November 16, 2022, Memorandum Order. The Court's records reflect that as of October 10, 2022, the plaintiff had ample money to pay the $40.62 but misrepresented to the Court he could not pay that amount. This misrepresentation warrants the dismissal of the action. 28 U.S.C. 1915(e)(2)(A).[1] Accordingly, the plaintiff's request to proceed *in forma pauperis* will be DENIED. The plaintiff's request to amend his complaint, (ECF No. 10), will be DENIED. The action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
_____
John A. Gibney, Jr.
Senior United States District Judge

Date: 22 December 2022
Richmond, Virginia

---

[1] That statute provides that the Court shall dismiss a "case if at any time the Court determines . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).